*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ANTHONY WILSON,

        Plaintiff-Appellant,

v

GENESEE COUNTY ECONOMIC
DEVELOPMENT BOARD OF DIRECTORS AND
LOAN COMMITTEE MEMBERS,

        Defendant-Appellee.

UNPUBLISHED
July 16, 2020

No. 350194
Genesee Circuit Court
LC No. 19-112417-CZ

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

When a plaintiff fails to serve a defendant before the expiration of the summons, the court rules provide for the automatic dismissal of the action against that defendant without prejudice. Plaintiff in this case failed to name the individual defendants and made no attempt to serve them with process. Although plaintiff attempted to serve the individuals' employer, service was not accomplished. Absent service, the circuit court correctly determined that plaintiff was not entitled to a default judgment, and properly dismissed the action without prejudice, although on different grounds. We affirm.

Anthony Wilson applied for a business loan from the Genesee County Economic Development Corporation (EDC), which was denied. He then filed suit *in propria persona*, claiming discrimination on the basis of his race and source of income. The complaint's caption identified defendants as follows: "Genesee County Economic Development Corporation's Board of Directors and Loan Committee Members, Who Made The Decision To Deny The Loan Application, IN THEIR INDIVIDUAL CAPACITY." Despite that the board members are listed on Genesee County's website, see <https://www.gc4me.com/departments/board_of_commissioners_1/genesee_county_economic_development_corporation.php> (accessed July 3, 2020), Wilson did not attempt to identify these individuals by name.

-1-

Wilson made no attempt to serve the individual defendants. Instead, the certificate of service within the summons identified defendant only as "Genesee County EDC." The EDC's address is listed on its website as 1101 Beach Street, Flint, MI 48502. *Id*. The subsequently filed proof of service indicated that an unidentified process server personally served the complaint on a person "Age: 41, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: 175, Hair: Auburn, Glasses: N." The address identified in the proof of service—519 South Saginaw Street, Suite 200, Flint, MI 48502—belongs to the Flint Chamber of Commerce, not the EDC. See <https://www.flintandgenesee.org/> (accessed July 3, 2020). An employee working in the office that day swore in an affidavit that he and his coworkers did not accept service and advised the process server that he was in the wrong location. It is possible that Wilson was confused where to serve the summons because the denial of his loan came from Tracy Joseph, Business Finance Manager, Flint and Genesee Chamber of Commerce. However, Ms. Joseph's address was listed on the letter as 502 S. Saginaw, Flint, MI 48503, and Wilson did not attempt service at that location.

No default should have entered in this case and the circuit court properly set it aside. The circuit court also properly dismissed Wilson's complaint without prejudice and even permitted him to refile within 21 days without paying a new filing fee. However, Wilson's challenges to the EDC's standing to contest the default was a nonissue and the court should not have reached it. Instead, the court should have automatically dismissed Wilson's complaint without prejudice for failure to serve any of the defendants.

In this regard, the circuit could should have cited MCR 2.102(E), which provides for dismissal for nonservice as follows:

Dismissal As To Defendant Not Served.

(1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. . . .

(2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction. The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.

(3) The clerk shall give notice of the entry of a dismissal order under MCR 2.107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal.

Wilson clearly did not serve notice on any of the individual defendants. Although Wilson contends that the EDC was not an additional defendant to this suit, we would find a lack of service on that party as well. As Wilson had served no defendant before the expiration of the summons, the court was required to dismiss the suit without prejudice under MCR 2.102(E). We may affirm

the court's dismissal in this case as it reached the right result albeit for the wrong reason. *Southfield Ed Ass'n v Southfield Pub Sch Bd of Ed*, 320 Mich App 353, 374; 909 NW2d 1 (2017).

We affirm.

/s/ Michael F. Gadola
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens